IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TINA JOHNSON<br>Parent and Next Friend of D.J.<br>And<br>D.J., individually,<br>1217 Oates Street<br>Washington, DC 20002<br><br>    Plaintiffs,<br> v.<br><br>PERRY STREET PREPARATORY PUBLIC CHARTER SCHOOL<br>1800 Perry Street NE<br>Washington, District Of Columbia 20018<br><br><br>To serve:<br><br>GARRET MUSHAW<br>1800 Perry Street NE<br>Washington, District Of Columbia 20018<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)Civ No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

COMES NOW, the Plaintiffs, Tina Johnson and her minor child D.J., by and through their counsel and the law firm of James E. Brown & Associates, P.L.L.C. respectfully unto this Honorable Court state as follows:

### PRELIMINARY STATEMENT

1. This is an action for reimbursement of attorneys' fees and costs incurred by the plaintiffs in their claims against the defendant pursuant to the Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§ 1400 *et seq.* ("IDEIA").

1

2. The Plaintiffs, the prevailing parties in the underlying administrative action, brought under IDEIA on his behalf, reside in the District of Columbia, and seeks an order from the Court compensating them for reasonable attorneys' fees incurred in that action.

## JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to:
   a. The Individuals with Disabilities Educational Improvement Act, 20 U.S.C. §§ 1400-1461 ("IDEIA").
   b. Declaratory Relief is authorized by 28 U.S.C. §§ 2201 and 2202.
4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff Tina Johnson is the parent of a minor student who has been deemed eligible to receive special education and related services from Defendant Perry Street Preparatory Public Charter School ("Perry Street PCS").
6. Plaintiff D.J. is a minor student who has been deemed eligible to receive special education and related services from Defendant Perry Street PCS.
7. The Plaintiffs, at all times relevant to this action, have been residents of the District of Columbia, and were the prevailing parties in an administrative hearing held pursuant to IDEA.
8. At all times pertinent to the proceedings discussed in this Complaint, the Plaintiffs were represented by the lawyers with the law firm of James E. Brown & Associates, PLLC ("Brown & Associates"), a firm incorporated in the District, which specializes in special education law.
9. Plaintiffs have each consented to participate in, and advocate for, the reimbursement of their attorneys, for the full reasonable amount of fees that should have been paid to them for the work done on the underlying administrative cases.

10. That Defendant is a municipal corporation that receives federal funds pursuant to the IDEA, *see* 20 U.S.C. § 1411, in exchange for providing a free and appropriate public education ("FAPE"), and is obliged to comply with the applicable federal regulations and statutes, including but not limited, to IDEIA. *See also* § 1412(a)(1)(A).

## FACTUAL ALLEGATIONS

11. On May 29, 2013, Ms. Johnson and her minor child D.J. brought an administrative action alleging, *inter alia*, that the Defendant denied D.J. FAPE when it provided an individualized education plan ("IEP") that was in appropriate in that it provided an inadequate amount of specialized instruction outside of general education, failed to implement required counseling services provided for in D.J.'s IEP, and failed to conduct an audiological and auditory processing evaluations requested by the parent. *See* Exhibit 1.

12. On August 10, 2013 an order was issued in this case finding that the Plaintiffs had sustained their burden of proof on the issues described above, and ordering the Defendant to fund an independent auditory processing evaluation of D.J., review and revise D.J.'s as appropriate based on the results of the evaluation, and to fund as compensatory education seventy-five hours of one-to-one academic tutoring services, and twenty-five hours of one-to-one counseling services. *See* Exhibit 2.

13. Plaintiffs prevailed as that term is defined in law, and Plaintiffs incurred reasonable attorneys' fees and costs in the amount $38,038.29. *See* Exhibit 3.

## COUNT I
### (Claim for Reasonable Attorneys' Fees and Costs)

14. Plaintiffs reincorporate paragraphs 1-13.

15. The Plaintiffs are prevailing parties in an impartial due process hearing against the Defendant under the IDEA.

16. As prevailing parties, the Plaintiffs are eligible to be awarded reasonable attorneys' fees by the Court under 20 U.S.C. §1415 (i)(3)(B)(i)(I).

17. The amount of attorneys' fees awarded "shall be based on rates prevailing in the community in which the action arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C).

18. The current billing rates for the attorneys in this case, as evidenced by the invoices attached to this complaint, are reasonable and consistent with prevailing market rates in the District of Columbia.

19. The IDEIA and this Court allow for the recovery of reasonable costs associated with claims brought by prevailing parties such as the Plaintiffs herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully requests that this Court:

20. Declare that they are prevailing parties under the IDEA and are therefore entitled to recover reasonable attorneys' fees and costs;

21. Order the Defendant to pay Plaintiffs the sum of $38,038.29 reasonable attorneys' fees and costs for work on behalf of Tina Johnson and her minor child D.J.

22. Award Plaintiff reasonable attorneys' fees and cost for litigation this Complaint, to be determined upon the timely submission of a fee petition to this Court, and

23. Award Plaintiff any other relief that this Court deems just and proper.

**Respectfully submitted,**

ROBERT W. JONES, Bar No. DC997776
Associate Attorney
James E. Brown & Associates, PLLC
1220 L Street, 7th Floor
Washington, D.C. 20005

4

(202) 742-2000 (voice)
(202) 742-2098 (fax)
**Attorneys for Plaintiffs**